IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES SCOTT WEDGEWORTH | § | |
| VS. | § | CIVIL ACTION NO.6:15cv871 |
| TDJC, et al | § | |

## ORDER DENYING MOTION FOR PRELIMINARY
## INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff James Scott Wedgeworth, an inmate of the Texas Department of Criminal Justice, Correctional Institutional Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff filed a motion for a temporary restraining order asking the Court to order that prison officials and outside lab technicians employed by the prison cease from monitoring his private conversations with their cameras, phones, or other electronic devices. Plaintiff also requests that prison officials be ordered not to sell his name or identify. *See Motion for Preliminary Injunction and Complaint*, Docket Entry #18 at 1-2.

The Report of the Magistrate Judge (docket entry #21), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Report recommends that the motion be denied. The Report states that, given the vague nature of the

1

allegations presented in the motion, Plaintiff has not presented sufficient evidence to demonstrate a substantial likelihood of prevailing on the merits of his claim, nor a substantial threat of irreparable injury. Plaintiff has not demonstrated that the granting of the requested injunction would not disserve the public interest.

Plaintiff filed objections to the Report. Plaintiff repeats the claims in his amended complaint, and also repeats the claims in the motion for injunctive relief. Plaintiff's arguments, however, do not address the reasons stated in the Report for denying the motion. Plaintiff states, for instance, that:

> "devices have been used before and after Plaintiff disturbance of disperators to harm him by out and in prison compounds and living areas, the industral of Texas TDCJ-ID contractors and inmates have develop a turn key erra in computer and cameras skills making and installment into Texas prisons Michaels unit ....and Texas schools in Dallas Tx. And other counties in which questioned ownership of title contract to new cameras and intercoms currently half done prison across road Coffield unit whole installment of Fed/US devices to cam's P.R.E.A. programs and Church of Christ Idinitites program's promotions of transgenders of mankind to birthright the funding and founders of these programs are federal and U.S. Government and families ties to First families in Texas to old and new birth right...". *See* Objections at 5.

The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the preliminary injunction will not disserve the public interest. *See Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *See United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff has failed to meet these standards, and plaintiff has not carried the burden of persuasion to all of the elements. Conclusory allegations are not sufficient to show entitlement to

injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991); *see* also *Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Further, the injury in question must be imminent and cannot be speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *see* also *Watson v. FEMA,* 437 F.Supp.2d 638, 648 (S.D.Tex. 2006). Plaintiff's objections are overruled. As a result, Plaintiff's requested injunctive relief cannot be granted.

Having overruled the objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that the Report and Recommendation on Petitioner's motion for a preliminary injunction and a temporary restraining order (docket entry #21) is **ADOPTED**. It is further

**ORDERED** that Petitioner's motion for a preliminary injunction and a temporary restraining order (docket entry #18) is **DENIED**.

So Ordered and Signed
Feb 8, 2017

Ron Clark, United States District Judge