IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES S. WEDGEWORTH, #654616 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv871 |
| TDCJ MICHAEL UNIT, et al. | § | |

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Scott Wedgeworth, an inmate within the Texas Department of Criminal Justice, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to United States Magistrate Judge John Love pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On March 30, 2017, the Magistrate Judge ordered Wedgeworth to file an amended complaint within thirty days, (Dkt. #33). The order specifically informed Wedgeworth that his complaint may be dismissed if he failed to comply with the order. Wedgeworth then filed a slew of documents—but not an amended complaint. As a result, the Magistrate Judge issued a second order directing the Clerk of the Court not to accept any of Wedgeworth's further documents until he complied with the March 30 order, (Dkt. #35). The Clerk sent him a blank section 1983 form so that he could easily fill it out and return it. A review of the docket illustrates that Wedgeworth received a copy of this second order on April 4, 2017, (Dkt. #38).

Subsequently, on June 14, 2018, the Magistrate Judge issued a Report, (Dkt. #44), recommending that Wedgeworth's complaint be dismissed without prejudice for Wedgeworth's failure to comply with an order of the Court—as he never filed his amended complaint, despite

1

being ordered to do so twice. A review of the docket shows that Wedgeworth received a copy of the Report on June 26, 2018, (Dkt. #45).

However, while Wedgeworth filed a document entitled "A Moition [sic] of Document Compliant [sic]," (Dkt. #46), he did not object to the substance of the Report. In other words, he failed to respond to the Magistrate's findings and conclusions; in fact, a review of his objections reveals that he never mentioned the lack of an amended complaint or the orders directing him to file one. In fact, the Court notes that it is extremely difficult to decipher what Wedgeworth is saying—as he filed a highly incomprehensible document. Another review of the docket demonstrates that Wedgeworth failed to file his amended complaint, thereby showing that he has still failed to comply with this Court's March 30 order.

Accordingly, Wedgeworth is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge, (Dkt. # 44), is **ADOPTED.** It is further

**ORDERED** that Plaintiff's civil rights complaint is **DISMISSED**, without prejudice. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **August, 2018.**

_____
Ron Clark, Senior District Judge